The majority has thoroughly discussed the relevant legal principles in this case, and I agree with the determination that double-jeopardy principles do not require that the indictment against Daniel Wade Moore be dismissed. I also agree with the majority that the prejudice Moore suffered as a result of the prosecution's discovery violations can be corrected by granting him a new trial. I am writing specially only to commend the courageous trial judge for his actions in this case.
My review of the record in this case convinces me that the evidence that was withheld by the prosecution went to the very heart of the defense. That prosecutors occasionally fail to disclose exculpatory evidence is not a surprise. The surprise here is that some of the undisclosed evidence had serious exculpatory value, that the defense became aware of some of the evidence only when a witness contacted defense counsel after the trial about a statement she had given to the police before the trial, and that much of the evidence was not disclosed until after the trial and after the prosecutor at trial had denied its very existence. Some of the evidence was so significant that it might easily have caused the jury to have a reasonable doubt regarding Moore's guilt. Because Judge Glenn Thompson, the trial judge, was so deeply disturbed by the extremely untimely disclosure of the valuable evidence and by the prosecutor's apparent disregard of Judge Thompson's open-file discovery order, Judge Thompson attempted to remedy the situation by dismissing the indictment. Clearly, Judge Thompson was attempting to act in accordance with his obligation to ensure that every citizen of Morgan County receives a fair trial and to prevent Moore from having to defend himself a second time, when the first prosecution was clearly unfair.
If these serious discovery violations had come to light during the trial and a defense motion for a mistrial had been granted, the procedural posture of the case would have been entirely different and the dismissal of the indictment would have been proper. Because the discovery violations were not revealed until after the trial and because the evidence and witnesses are available to Moore, however, the law, as it now stands, indicates that the proper remedy is a new trial. Therefore, I must concur to reverse the trial court's order dismissing the indictment. *Page 910